**UNITED STATES of America, Appellee,**

v.

**Joel AGUIRRE, Appellant.**

No. 09–1582.

United States Court of Appeals, Eighth Circuit.

Submitted: Dec. 29, 2009.

Filed: Dec. 31, 2009.

1. The Honorable Charles A. Shaw, United States District Judge for the Eastern District of Missouri.

Kevin Craig Fletcher, I, U.S. Attorney's Office, Sioux City, IA, for Appellee.

Joel Aguirre, Terre Haute, IN, pro se.

Before BYE, BOWMAN, and BENTON, Circuit Judges.

PER CURIAM.

Aguirre challenges the 235–month prison sentence the district court[1] imposed

after he pled guilty to conspiring to distribute and possess with intent to distribute 50 grams or more of a methamphetamine mixture that contained 5 grams or more of actual methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B), and 846. His counsel has moved to withdraw and has filed a brief under *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), arguing that the court erred in (1) applying a 2–level increase for possessing a dangerous weapon pursuant to U.S.S.G. § 2D1.1(b)(1); (2) denying a minor-role reduction under U.S.S.G. § 3B1.2(b); (3) departing upward from a Category V to a Category VI criminal history under U.S.S.G. § 4A1.3(a); and (4) denying a downward departure or a variance based on Aguirre's diminished capacity. In his pro se supplemental brief, Aguirre echoes many of counsel's arguments and adds that his counsel was ineffective; he also moves for new appellate counsel.

The foregoing arguments, which we address seriatim, fail for the following reasons: (1) the court did not err in imposing the weapon enhancement based on sentencing testimony from a government witness, *see United States v. King*, 518 F.3d 571, 575 (8th Cir.2008) (witness credibility); *United States v. Pizano*, 421 F.3d 707, 732 (8th Cir.2005) (standard of review and requirements for imposing weapon enhancement); (2) the court did not err in denying a minor-role reduction based on sentencing testimony that Aguirre negotiated drug prices, delivered drugs, and weighed them, *see United States v. Carpenter*, 487 F.3d 623, 625–26 (8th Cir.2007) (standard of review); *United States v. Cu-*

1. The Honorable Mark W. Bennett, United States District Judge for the Northern District of Iowa.

*billos,* 474 F.3d 1114, 1120 (8th Cir.2007) (distribution of drugs that were object of conspiracy was more than sufficient to show deep involvement in offense); (3) the court did not abuse its discretion in departing upward in light of Aguirre's extensive criminal history, *see United States v. Gonzalez,* 573 F.3d 600, 605–07 (8th Cir. 2009); (4) we do not review the discretionary denial of Aguirre's motion for a downward departure, *see United States v. Utlaut,* 497 F.3d 843, 845 (8th Cir.2007); (5) the court sufficiently considered relevant sentencing factors under 18 U.S.C. § 3553(a), and did not abuse its discretion in declining to vary downward, *see Gonzalez,* 573 F.3d at 607; and (6) the ineffective-assistance argument is not properly raised in this direct criminal appeal, *see United States v. Ramirez–Hernandez,* 449 F.3d 824, 826–27 (8th Cir.2006).

Having reviewed the record independently under *Penson v. Ohio,* 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988), we find no nonfrivolous issues. Accordingly, we deny Aguirre's motion for new counsel; we grant counsel's motion to withdraw; and we affirm the district court.